Good morning, Your Honors, and may it please the Court, Peter Afrasiabi on behalf of the appellant, Mr. Donald Dawson. Your Honors, this Court should reverse because a Section 636 de novo determination cannot occur when the same person is on both ends of the transaction, when the same person is a magistrate judge and a district judge. A de novo determination properly understood when we submit requires that the district judge be a different person to the magistrate judge. Well, let's see. Now, when I read the Judge Larson's final decision, there's no reference whatsoever to the R&R that he had issued about almost a year earlier. That's correct, Your Honor. There isn't. And it's our position that it doesn't matter. The fact that he may not have referenced the R&R from the magistrate judge doesn't change the fact that this case started with a magistrate. Well, you know, I recall when I was a district court judge in the Central District, we had a general order that all habeas petitions were automatically referred to the magistrate judges for an R&R. But at any time, we could revoke that referral. And even when they produced an R&R for us, you know, I was – I could just disregard it and issue my own order. That's correct, Your Honor. So why isn't that what happened here? Well, because what happened here is the same person had already worked on the case and issued an R&R. And so if you peel the onion of what a de novo determination is, it becomes harder to believe that that hard drive that's been written on can be completely erased. But isn't what's critical, you know, when the – where – what is the statute's – the magistrate judge statute 636? Yeah, 636. Isn't what's critical there that an Article III judge make the final determination? Absolutely, Your Honor. And it's our position that the Article III judge that makes the final determination has to be a different judge to the judge that made the initial analysis of the case as a magistrate judge. And we make that argument because the structure of 636 strongly supports, if you just frame the language of the statute, that there are two different people it's talking about. So you would say that if Judge – or maybe you wouldn't, I don't know. But if Judge Larson had been a district court judge at the time the case was referred, I guess that wouldn't work. No, I take that. So your position is basically in this unique setting. Yes, Your Honor. Our position is this is an incredibly rare fact pattern. It's incredibly unique. And in the unique situation where the magistrate judge is the first person to look at, review, make an analysis of a case, and it just so happens that that same person becomes a district judge, that district judge brings to that case a pre-set of ideas about the case. He's already worked on it. He's already analyzed it. He's already come to a conclusion, which we have to assume he strongly believed was correct. That's why he issued the R&R as a magistrate judge. And if a case starts on a reference to a magistrate judge, then Petitioner is entitled to have a different person conduct a de novo determination to do a bottom side-up analysis. That procedural mechanism is critical, we submit, because in order to even start with a magistrate and have a de novo determination, the Constitution mandates that you do have this completely separate independent review where no deference whatsoever is given. And that's why I say if you start peeling the onion of deference. Well, there's no right to have your case referred to a magistrate judge. No, not at all. But if it is, then you have an absolute right to have a different person pass upon this really from a bottom side-up analysis. And you believe that's embedded in 636? Yes, it's embedded in de novo determination and what that concept means, which is that you have to have the authority required by the Constitution in order to ensure that you don't have someone who is not a Federal article. Well, what provision of the Constitution are you relying on? Article III, Your Honor, in that the argument is that Article III requires that only you may say what the law is in a final setting. A magistrate judge doesn't have that authority. But doesn't that undercut your argument? As long as an Article III district judge makes the final determination, isn't that all there is? It is, so long as that Article III district judge is not the same person who happened to be the magistrate, because the magistrate doesn't have that authority when he's a magistrate. And so the Petitioner has the right to have a different person who also is an Article III judge, but a different person, do a bottom-side-up analysis, look at it, make the conclusion. All right. Well, that, with respect to the different person argument, are you relying on language in 636? Yes. Or somewhere else? Bring us specifically to the basis of your argument. Exactly, Your Honor. I would start with the language of 636. 636b1c makes reference to the fact that a district judge, on the one hand, can accept, reject, modify a magistrate judge's order. That implies two different people. One person is accepting or rejecting or modifying another's. You can also look at 636b2 that talks in terms of a district judge being able to designate a magistrate judge. This, I contend, strongly supports the idea that you're talking about different people, not the same person. You also can look at the Matthews v. Weber case, which was the same. But I always thought 636 was sort of an optional provision in the sense that it was an enhancement of the efficiency of the district judge. The district judge could refer matters to the magistrate that he could have handled himself, but because of the press of the volume of cases, he can be doubly efficient. It seems to me you're taking the obverse interpretation and looking at a magistrate judge, 636, as creating rights of some sort. Well, I think it certainly creates the right that if a case is sent for efficiency reasons by the district judge to a magistrate judge, that before that magistrate judge's recommendation becomes a final adjudication of what the law is, the Petitioner has the right to have a different person pass upon that and say it is so ordered. Okay. And that comes, I think, from the structure of the language I just referenced to you. And also I think from the concept of when you get out of the framing of the statute into the specific language, de novo determination, which talks about independence, no deference whatsoever, that occurs when a different person takes out a scalpel and looks at the analysis and comes to a conclusion. And so I think here sort of the hard drive analogy I alluded to is sort of what I'm saying, and that is that once a hard drive's been written on, it can never be undone, even if it's scrubbed and erased. The data's still there. So you don't have this person coming to something without preconceived ideas or beliefs about the case and the issues. I'm not sure I agree with your argument, because I think what's really critically important is that an Article III judge, an Article III judge who has complete independence, have responsibility for making the final decision, which was done here. It's true an Article III judge, you know, appointed by the President, confirmed by the Senate, and absolutely, absolutely, District Judge Larson is an Article III judge who issued an order and made a determination. The problem is the case started with him when he was a magistrate, and that's Right. I understand. I understand your argument. And that's why I believe, Your Honor, if you look at Could you look at this and forget about 636. Look at this in terms of conflict of interest analysis. For example, if Judge Paez sat on a case which was appealed to our court, he wouldn't sit on the appeal. Is it the same principle? It is, Your Honor, and that's why I think those related statutes we cited are not directly applicable, obviously, I think are very important, and they counsel in terms of what is going on here. The canvas this is being painted on is with the context of this line that's been drawn, that there should never even be the appearance of potential impropriety. And so District Judge Larson absolutely could not be sitting here today by designation with the two of you. And if one of you went to the Supreme Court and got elevated to the Supreme Court, you know, you wouldn't be adjudicating this case if it went to the Supreme Court. And I think the same principle applies here, that you want to have this absolute line that there isn't even a question of impartiality by the fact finder. And that's why a completely different person analyzing the case from the bottom side up is so important. So in the end, your argument is an appearance problem. I think when you look at those statutes and you talk about the appearance issue, I think there is an appearance problem. And I think those statutes are related in the sense that they're dealing with a subject matter of whether one judge can pass judgment upon his own judgment in the same case. And it can't happen by an Article III district judge sitting here in the same case or by an Article III court of appeals judge sitting on the Supreme Court. And so for the same reason, when you're looking at 636, we submit, Your Honors, those same concepts should apply and govern that interpretation. I see I'm out of time, so I'll just submit unless you have any further questions. Thank you, counsel. Thank you. Your time has expired. Ms. Heckler. May it please the Court, Heather Heckler, Deputy Attorney General for Respondent of Heli Marshall. This Court should affirm the district court's decision because as is required by the Constitution, Dawson's case was decided by an Article III judge. There is, as this Court has pointed out, no right to have a magistrate judge pass on one's case before an Article III judge decides it. Rather, the only right guaranteed by the Constitution is to have an Article III judge decide one's case. Your Honor, the ---- There is nothing in 636 that deals with this particular situation, is there? No, Your Honor. The 636 was, in my understanding, to ensure that an Article III judge did make a final decision on a case where a magistrate has issued findings and recommendations, and specifically where a party has objected to those findings and recommendations. The Denova review requirement is where there are findings and recommendations out there where one party has objected and where the district court judge must review those. In this case, the district court judge did not review findings and recommendations. In fact, as you pointed out earlier, Your Honor, he didn't reference those at all. So 636 doesn't really seem to apply to this case so much. And it's our position that once a magistrate is appointed, a district court judge may step in at any given time and simply decide the case, which is what happened here. Well, now, what about the appearance problem? We all understand, as the example I gave, Judge Paez wouldn't sit on an appeal of a case he tried. Your Honor, the difference between, for example, Judge Paez sitting on here reviewing his own case versus this case, is that no true decision had been made yet. There was a recommendation. And in this case, Judge Larson didn't even review that recommendation. If a district court judge sitting by designation is reviewing his own case for error, he's actually reviewing that case. So you're saying that Judge Larson was not reviewing Magistrate Judge Larson's R&R, the F&R? I can't speak to what was going on, you know, in his courtroom. But in the order dismissing Mr. Dawson's petition, he never references his report and recommendations. Well, I heard, I'm familiar with that argument from the briefs. But what struck me is when you look at the final order, one could say that it was essentially a cut and paste from what Magistrate Larson did. Your Honor, there were some slight differences. For example, the number of issues listed in the findings and recommendations or, excuse me, the report and recommendations, I believe, was eight. And in the decision itself dismissing the petition, it was seven, or it may have been reversed. But I know that there was a difference there. There were also other minor differences. The law was the same. You know, the framework would have been the same regardless of whether he, you know, looked at it afresh or reviewed his own. We would just submit that here an Article III judge decided Mr. Dawson's case. The Judge Larson did not review his own recommendations. Let me ask you this. Do you know, I didn't really look carefully at the district court docket sheet, but originally this case started out with Judge Marshall, if I'm not mistaken. I believe so. And then when Judge Larson, Magistrate Judge Larson became a district court judge, they reshuffle the cases and matters are reassigned. Do you know if when it was reassigned from Judge Marshall to Judge Larson, did Judge Marshall revoke the R&R, the reference to the magistrate judge? No, Your Honor. There was never any official revocation. It would seem to me that Judge Larson implicitly revoked them by simply deciding the case instead of referring back to them, but there was no explicit. And frankly, that would make a difference. Do you think that would make a difference? In some respects, it would make a difference because it would be as if those reports and recommendations never existed. But I think that it gets back to the issue of you have an Article III judge deciding the case, so whether some report and recommendation is out there by a magistrate is almost irrelevant because as long as you have a district court decision making a final determination, not referring back to reviewing something done by a magistrate judge, but simply making a decision on the case, then the parties have received what's constitutionally required. Now, this also – I don't know if this is reflected in the – I guess it isn't, but – and maybe I shouldn't even reference this, but my recollection as a district court judge when this happened is the cases were randomly drawn and reassigned. I don't know if that's the – I don't know if in this – if Judge Larson – if Magistrate Judge Larson kept all of his R&Rs. We don't know that. Your Honor, I would have no idea. I do know I practice most frequently in the Eastern District, and we've recently had a similar situation with the magistrate promoted, and in the random assignment he has received a few of his own cases. In most cases, I would imagine he hasn't yet issued any findings and recommendations, so we wouldn't have the same problem, but I'm not sure how many Judge Larson had. If there are no further questions, Your Honors. Thank you, Counsel. Thank you. The case just argued will be submitted for decision. Before adjourning, the Court would like to express its appreciation to Mr. Afreshabi for his willingness to take this case on a pro bono basis. We appreciate your willingness to do that, and we now will adjourn. Is this all right?
judges: Hall, O'scannlain, Paez